**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-2311**

MARGARET REAVES,

Plaintiff - Appellant,

v.

JOHN T. BENJAMIN, JR.; JAKE R. GARRIS; CECIL CAPPS, Cecil Capps Insurance and Realty Co.; PHILIP A. GLASS,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:18-cv-00221-FL)

Submitted: April 18, 2019                                    Decided: April 22, 2019

Before WILKINSON, MOTZ, and KEENAN, Circuit Judges.

Dismissed and remanded by unpublished per curiam opinion.

Margaret Reaves, Appellant Pro Se. John T. Benjamin, Jr., LAW OFFICE OF JOHN T. BENJAMIN, JR., PA, Raleigh, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Margaret Reaves seeks to appeal the district court's order dismissing her civil complaint without prejudice. Before addressing the merits of Reaves' appeal, we first must be assured that we have jurisdiction. *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015). We may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-47 (1949). The district court identified deficiencies in two of Reaves' claims that Reaves may be able to remedy by filing an amended complaint. In ruling on Reaves' claim against one Defendant regarding a prior foreclosure proceeding, the district court noted that Reaves failed to allege any actions taken by the Defendant with respect to that prior foreclosure proceeding. Additionally, the district court noted in ruling on Reaves' claim under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p (2012), that Reaves failed to allege specific misleading statements or misconduct by Defendants in this case that could give rise to an FDCPA claim. Because Reaves might be able to cure these defects by filing an amendment to the complaint, we conclude that the order Reaves seeks to appeal is neither a final order nor an appealable interlocutory order. *See Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623-24 (4th Cir. 2015); *Domino Sugar Corp. v. Sugar Workers Local Union 392*, 10 F.3d 1064, 1066-67 (4th Cir. 1993).

Accordingly, we deny leave to proceed in forma pauperis, dismiss the appeal for lack of jurisdiction and remand the case to the district court with instructions to allow Reaves to amend her complaint. *Goode*, 807 F.3d at 630. We dispense with oral

argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED AND REMANDED*